95 F.3d 1167
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Harold SUTTON, Petitioner,
v.
DEPARTMENT OF THE NAVY, Respondent.
 No. 96-3060.
 United States Court of Appeals, Federal Circuit.
 Aug. 9, 1996.
 
 Before CLEVENGER, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Harold Sutton seeks review of the September 18, 1995 decision of the Merit Systems Protection Board (Board), Docket No. PH0752950505-I-1, which affirmed the decision of the Department of the Navy (Navy) to place Sutton on an indefinite suspension. We affirm.
 
 
 2
 * Sutton was employed by the Navy as a Tool and Parts Attendant at the Norfolk Naval Shipyard in Portsmouth, Virginia. On January 27, 1995, the Navy suspended Sutton's security clearance, which was essential for Sutton to perform his duties. After conducting an investigation in which Sutton was invited to respond to the Navy's action, the Navy placed Sutton on an indefinite suspension from his position effective June 9, 1995 pending a final determination on the status of his security clearance.
 
 
 3
 Sutton filed a timely appeal of his indefinite suspension to the Board. On September 18, 1995, the Administrative Judge (AJ) made an initial determination that the Navy followed proper procedures in its placement of Sutton on an indefinite suspension. Following the dictates of Department of Navy v. Egan, 484 U.S. 518, 529-30 (1988), the AJ did not review the merits of the Navy's suspension of Sutton's security clearance. The AJ's initial decision became final on November 21, 1995, when the Board denied Sutton's petition for review. Sutton then timely appealed to this court.
 
 II
 
 4
 On appeal, Sutton argues that the Navy failed to follow the procedures established by Executive Order 12968 (Order), which was signed by President Clinton on August 2, 1995 and became effective immediately. Exec. Order No. 12698, 60 Fed.Reg. 40245 (1995). In part, this Order charges agency heads with the responsibility of safeguarding information vital to national security and establishes procedural safeguards for employees who are granted access to classified information necessary to perform their official functions. Sutton argues that the provisions of the Order should apply to him because the preamble of the Order states: "This order establishes a uniform Federal personnel security program for employees who will be considered for initial or continued access to classified information." To Sutton, even though the Order was signed six months after he was indefinitely suspended, the Navy's continuing action of denying him access brings him under the rubric of the Order. We disagree. The Order's applicability to employees considered for "continued access to classified information" governs agency actions regarding the continued granting of access to classified information for those employees who already have access to such information. The Order does not govern an agency's continuing denial of access to classified information to those who do not presently have access. As such, the Order is not applicable to Sutton.
 
 
 5
 Sutton also argues that the Navy denied him due process in suspending his security clearance because the Navy improperly relied on decisions by individuals who were unauthorized to make such determinations. As the record before us demonstrates, Sutton is incorrect. Although Navy regulations vest the responsibility for controlling access to sensitive information in the commanding officer, OPNAVINST 5510.1H § 2.1, Navy regulations further provide that a commanding officer may delegate authority to a subordinate, 32 C.F.R. § 700.702(a) (1995). In this case, the commanding officer of the Norfolk Naval Shipyard had previously delegated his authority to regulate such access to Mr. Kieran, the security director at the Norfolk Naval Shipyard. Thus, when Mr. Kieran suspended Sutton's security clearance on January 27, 1995 on behalf of the Navy, he had proper authority to do so.
 
 
 6
 We have examined Sutton's other arguments and find them without merit. Sutton has not met his burden to show that the Board's decision is arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (1994). The decision of the Board is therefore affirmed.